IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 28, 2003

**STATE OF TENNESSEE v. JASON D. SEILER**

**Appeal from the Circuit Court for Sullivan County**
**Nos. S39,955, S39,979    R. Jerry Beck, Judge**

**No. E2002-02568-CCA-R3-CD**
**December 1, 2003**

The defendant, Jason D. Seiler, appeals from the Sullivan County Circuit Court's revoking his probation that he received for his guilty pleas to four counts of failure to appear. The defendant contends that the trial court abused its discretion by revoking his probation and sentencing him to confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Mark H. Toohey, Kingsport, Tennessee, for the appellant, Jason D. Seiler.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph Eugene Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant pled guilty to four counts of failure to appear, a Class E felony, and the trial court sentenced him in March 2000 as a Range I, standard offender to consecutive one-year sentences to be served on supervised probation. The record reflects that on August 12, 2001, the defendant was driving a car in Scott County, Virginia, and had a wreck in which his passenger was killed. As a result, the defendant was charged with reckless driving. On September 19, 2001, a probation violation warrant was filed alleging that the defendant had violated the terms of his probation by (1) failing to obey the laws of the United States or any state and (2) using illegal drugs.

At the revocation hearing, Michelle Lyle Alaniz testified that her sister used to date and live with the defendant. She said that on August 11, 2001, she bought Klonopin pills and twenty-five Xanax pills from the defendant and that the defendant told her he smoked marijuana in order to calm down. She said that the next day, the defendant was driving a car and had a wreck. She said her

sister was in the car with the defendant and was killed. She said that two days after her sister's death, she and her mother went to her sister's and the defendant's home and found marijuana, Xanax pills, and other drugs. On cross-examination, she said that she tried to tell Virginia police and the Scott County district attorney about the defendant's drug use but that no one would listen to her.

Joann Buice, the defendant's probation officer, testified that she had been supervising the defendant since February 2002. She said that someone else supervised the defendant until that time. She said that the defendant had reported to her, that he had paid his probation fees, and that she had had no problems with him. On cross-examination, Ms. Buice testified that the defendant's last drug test was on August 21, 2001, and that he had not been retested in over one year. She said that she was unaware that the defendant had violated a previous community corrections sentence or that other probation violation warrants had been filed against him.

The defendant testified that he was convicted of reckless driving in Scott County, Virginia, on June 5, 2002, and received a twelve-month sentence. He said that he did not sell Michelle Alaniz Xanax or Klonopin pills on August 11, 2001, that he did not take any drugs without a prescription, and that he had not smoked marijuana since 1995. He said that he was severely injured in the August 12, 2001 car wreck and that he had had three operations and months of physical therapy. On cross-examination, the defendant testified that in 1995, he violated a community corrections sentence by testing positive for marijuana. He said that he had been on several prescription medications since the wreck and that the marijuana found in his and his girlfriend's home did not belong to him.

The parties stipulated to the fact that the defendant had violated the first condition of his probation by committing reckless driving in Virginia. In support of its argument that the defendant also had violated his probation by taking illegal drugs, the state introduced into evidence an August 12, 2001 toxicology report which showed that the defendant's urine tested positive for marijuana and benzodiazepine. The parties also stipulated to the fact that on August 21, 2001, the defendant submitted another urine sample to his probation supervisor. The state introduced into evidence the results of the urinalysis which showed that the defendant tested negative for marijuana and benzodiazepine. The defense then introduced into evidence a letter from Dr. Joseph Saady, the Chief Toxicologist for the Commonwealth of Virginia. According to the letter, Dr. Saady reviewed the defendant's August 12, 2001 urine test results and concluded that because marijuana and benzodiazepine were detected in the defendant's urine rather than his blood, their presence could not be confirmed. Finally, the parties stipulated to the fact that Dr. Kenneth Ferslew, a toxicologist at East Tennessee State University, would have testified for the state that urine test results are accurate ninety-five to ninety-nine percent of the time and are reliable.

The trial court determined that although the defendant had violated the first condition of his probation by committing reckless driving in Virginia, the state had failed to prove that the defendant had consumed marijuana, Xanax, or Klonopin before the August 12 wreck. Nevertheless, the trial court stated that the defendant's prior convictions, the seriousness of his reckless driving conviction, and his having a prior probation sentence revoked warranted the defendant's serving his sentences in confinement.

The defendant contends that the trial court abused its discretion by revoking his probation and ordering that he serve his sentences in incarceration. He argues that "reckless driving is a relatively minor offense, especially in the State of Virginia, and that the Trial Court should have extended his probation instead of ordering him to serve his sentence" in confinement. The state claims that the trial court did not abuse its discretion. We agree with the state.

A trial court may revoke probation upon finding by a preponderance of the evidence that the defendant has violated a condition of probation. T.C.A. §§ 40-35-310, -311(e). If the trial court revokes probation, it can "(1) order incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the remaining probationary period for a period not to exceed two years." State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). The decision to revoke probation is within the sound discretion of the trial court, and its judgment will be reversed only upon a showing of an abuse of discretion, reflected in the record by an absence of substantial evidence to support the trial court's findings. State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

In this case, the defendant admitted violating a term of his probation by committing reckless driving in Scott County, Virginia. We do not believe he has demonstrated that the trial court abused its discretion by ordering him to serve the remainder of his sentences in incarceration. To the contrary, the trial court's decision is supported by the fact that the defendant has violated a prior probation or community corrections sentence and that his reckless driving resulted in the death of his girlfriend. The judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, JUDGE